UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

          Plaintiff,

    v.

ALASKA AIRLINES, INC.,

          Defendant.

Case No. 25-cv-05487-NW

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 53

On December 29, 2025, Defendant Alaska Airlines, Inc. filed a motion to dismiss self-represented Plaintiff Sergey Firsov's complaint. ECF No. 53.[1] Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the hearing set for March 18, 2026, and GRANTS the motion without leave to amend.

**I.**    **BACKGROUND**

On June 30, 2025, Firsov sued Alaska Airlines seeking relief primarily under the Montreal Convention. ECF No. 1 at 5. In addition, Firsov brought state law claims for breach of contract, false advertising, unfair and deceptive business practices under the California Business and Professions Code ("UCL"), unjust enrichment, negligent infliction of emotional distress, and breach of the covenant of good faith and fair dealing. *Id.* at 6-11. Firsov's grievances stem from allegations that the company violated his rights by refusing to let him board an Alaska Airlines flight without a ticket for his dog, causing Firsov to purchase an additional pet ticket that was never refunded, and failing to finish food and drink service on the flight such that Firsov and his

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

dog never received sustenance. *See generally id.* The Alaska Airlines flight from Los Angeles, California to San Jose, California, was the last leg of a multi-stop international plane trip Firsov took in March 2025.

Alaska Airlines timely filed a motion to dismiss Firsov's complaint for lack of subject matter jurisdiction on December 29, 2025. ECF No. 53. Firsov opposed and Alaska filed a reply in further support of the motion. ECF Nos. 59, 60.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a federal court determines that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *Brooks v. Geico Ins.*, No. 23-CV-05085-RFL, 2023 WL 8852738, *1 (N.D. Cal. Dec. 21, 2023).

A complaint will be dismissed if, looking at the complaint in its totality, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *Pride v. Correa,* 719 F.3d 1130, 1133 (9th Cir. 2013). Thus, a district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride*, 719 F.3d at 1133).

## III.   DISCUSSION

There are two common ways to establish federal subject matter jurisdiction under statute: (1) diversity jurisdiction, 28 U.S.C. § 1332, and (2) federal question jurisdiction, 28 U.S.C. § 1331. In this case, Firsov's complaint indicates that subject matter jurisdiction is satisfied by a

federal question.[2] ECF 1 at 2. "Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir.) (quoting 28 U.S.C. § 1331). Generally, under the "well-pleaded complaint rule," a claim "arises under" federal law only if a federal question appears on the face of Plaintiff's complaint. *See ARCO Environmental Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 n.7 (1987) ("[t]he party who brings a suit . . . decide[s] what law he will rely upon"); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27–28 (1983) ("federal courts [have] jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

The specific "federal question" that Firsov asserts is under the Montreal Convention, Article 1, Paragraph 3. ECF 1. The "Montreal Convention" is an international treaty also known as the *Convention for Int'l Carriage by Air*, S. Treaty Doc. No. 106-45 (May 28, 1999). Alaska argues that the Court lacks subject matter jurisdiction because the Montreal Convention does not encompass Firsov's one-way domestic flight on Alaska, and the complaint lacks allegations demonstrating Alaska "regarded itself as involved in part of a single operation with the other carriers involved in [Firsov's] travel between Poland and the United States." ECF No. 53 at 13. In opposition, Firsov argues that "articles 1.3 and 36 of Montreal convention domestic connection with international trip considered single international trip even purchased on separate tickets."

---

[2] Firsov's complaint does not allege facts to support diversity jurisdiction, which requires Plaintiff and Defendant to be citizens of two different states, and an amount in controversy over $75,000. 28 U.S.C. § 1332. While the diversity of citizenship requirement may be met here, *see* ECF No. 1 at 1, Firsov does not allege damages over $75,000, even when liberally considering the damages he specifically alleged in his complaint (i.e., $2500 for the violation, $100 pet fee, $128.30 ticketing fee, $2,079 as the value of the miles Plaintiff used for his own ticket, $22.83 as "10% interest for using Plaintiff's money") as well as the other damages he alludes to in the complaint (i.e., the value of Plaintiff's own food and drinks that he brought on board that should have been provided by the airline). The Court notes that in passing Plaintiff states that Defendant should pay for "emotional distress and fine for punitive damages," but Plaintiff provides no information or justification, nor associates any monetary value, for that request, *id.* at 12.

ECF No. 59 at 2 (errors in original).

The Montreal Convention applies to "all international carriage of persons, baggage, or cargo performed by aircraft for reward." Montreal Convention, Art. 1(1). Article 1(3) of the Montreal Convention provides:

> Carriage to be performed by several successive carriers is deemed, for the purposes of this Convention, to be one undivided carriage if it has been regarded by the parties as a single operation, whether it had been agreed upon under the form of a single contract or of a series of contracts, and it does not lose its international character merely because one contract or a series of contracts is to be performed entirely within the territory of the same State.

Article 36 provides in part that where carriage is performed by "successive carriers," liability is limited to the carrier that "performed the carriage during which the accident or the delay occurred, save in the case where, by express agreement, the first carrier has assumed liability for the whole journey." *Id.*, Art. 36.

Whether a domestic flight is part of international carriage depends on the intent of the parties to enter into an agreement for international carriage. *Kruger v. United Air Lines*, No. C 06-04907 MHP, 2007 WL 3232443, at *3 (N.D. Cal., Nov. 1, 2007); *see also Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 987 (9th Cir. 2004). Determining intent rests on "objective indications of the parties' intent." *Kruger*, 2007 WL 3232443, at *4; *Coyle*, 363 F.3d at 989. The analysis begins by analyzing "the objective manifestations of the parties' intent expressed by the tickets." *Coyle*, 363 F.3d at 987; *Kruger*, 2007 WL 3232443, at *4 (stating that a court's inquiry begins with the "document of carriage or its equivalents").

Drawing all inferences in Firsov's favor, as the Court must, the complaint does not allege facts to support a reasonable inference that Alaska regarded itself as part of a single operation with any other air carrier. Instead, the complaint shows the opposite, that Firsov attempted "to purchase a complex round-trip ticket [from] SFO-WAW-YYZ-LAX-SFO on united.com" but ended up "purchas[ing] 4 separate tickets" after payment on united.com failed. ECF No. 1 at 3. These four separate tickets appear to be for travel on four separate air carriers and were purchased on four different days. The first of these tickets involved travel from San Francisco to Warsaw on two flights operated by Lufthansa and was purchased on February 11, 2025. ECF No. 1-2 at 5.

4

The air carrier for Firsov's second ticket, purchased on February 9, 2025, for travel from Warsaw to Toronto is unknown, *id.* 6-9, but the carrier was not Alaska because Alaska does not fly to or from Warsaw, Poland, Beyer Decl. ¶ 7, ECF No. 53-1.  Firsov's third ticket involved travel on Air Canada from Toronto to Los Angeles, California and was purchased through United on February 10, 2025.  ECF No. 1-2 at 10-13.  Finally, Firsov's fourth ticket, purchased on February 12, 2025, for travel from Los Angeles to San Jose, California was issued by Alaska for a flight operated by SkyWest Airlines.  ECF No. 1-2 at 16-17.

The Alaska/SkyWest ticket does not reference any of these other flights.  *Id.*  Firsov's allegation that his "complex round-trip" travel from San Franscico to Warsaw, then Warsaw to Toronto, Toronto to Los Angeles, Los Angeles to San Jose, California on four different air carriers was part of "a single international trip" strains credulity.  ECF No. 1 at 2, 4.  Instead, "the objective manifestations of the parties' intent expressed by the tickets," *Coyle*, 363 F.3d at 987, demonstrates that the trip was not "regarded by the parties as a single operation," Montreal Convention, Art. 1(3).  Therefore, the complaint fails to plausibly allege a claim under the Montreal Convention.

Because Firsov's claim for violation of the Montreal Convention is the sole basis he advances for federal subject matter jurisdiction, the complaint fails to plausibly allege a basis for the Court to exercise jurisdiction in this action.  Absent a viable federal claim, a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28. U.S.C. § 1367(c).  "Ordinarily, 'when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.'"  *Carrillo v. Monterey Mech. Co.*, No. 24-CV-09202-LJC, 2025 WL 2615064 (N.D. Cal. Sept. 10, 2025) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) (*superseded on other grounds by Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 41 (2025)).

The Court finds it appropriate to decline to exercise supplemental jurisdiction over Firsov's remaining state law claims, given the early stages of this case.

United States District Court
Northern District of California

**IV.    CONCLUSION**

For the foregoing reasons, Alaska's motion to dismiss Firsov's complaint is GRANTED. Firsov's federal claim for relief under the Montreal Convention is DISMISSED without leave to amend and the Court DECLINES to exercise supplemental jurisdiction over Firsov's state law claims.  The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 5, 2026

Noël Wise
United States District Judge

6